**JOSE DELROSARIO,**

      **Plaintiff,**

**v.**                                                       Case No: 6:19-cv-117-Orl-31GJK

**AMERICAN SECURITY INSURANCE
COMPANY,**

      **Defendant.**

## ORDER

This Matter comes before the Court without a hearing on the Defendant's Motion to Dismiss and Motion for More Definite Statement (Doc. 12) and the Plaintiff's Response (Doc. 17).

**I.    Background**

According to the Complaint, the Defendant was the issuer of the Plaintiff's homeowner's insurance policy. Doc. 1-3 at 10. The Plaintiff alleges that, on or about July 1, 2017, "the Insured Property suffered a covered loss under the Policy as a result of Water Damage." *Id.* The Plaintiff reported the loss, and the Defendant had the opportunity to inspect the damage. *Id.* The Plaintiff claims that the "Defendant failed to fully indemnify the Insured under the Policy." *Id.* Count I of the Complaint seeks a declaratory judgment with respect to: (1) the property insurance coverage purchased by the Plaintiff and (2) "a determination of the rights and obligations under the Policy, including, without limitation, the existence and scope of insurance coverage for the Claim as required by the Policy." *Id.* at 11. Count II alleges a claim for Breach of Contract. Doc. 1-3 at 14.

**II.    Legal Standards**

  **A.  Motion to Dismiss**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

  **B.  Declaratory Judgment**

When a case is removed from state to federal court on the basis of diversity of citizenship, the federal court applies state substantive law and federal procedural law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law.").

Both the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Chapter 86, Florida Statutes are procedural; they do not create or change any substantive rights. *See, e.g., Nirvana*

*Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 589 F.Supp. 2d 1336, 1343 n. 1 (S.D. Fla. 2008) (stating that Chapter 86 is "a procedural mechanism within the Civil Practice and Procedures Chapters" and does not "confer any substantive rights"). Accordingly, the Court is obligated to treat Count I as if it sought relief under the federal Declaratory Judgment Act rather than Florida Statutes Chapter 86.

### C. Motion for More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may request a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must "point out the defects complained of and the details desired." *Id.* However, motions for a more definite statement are not to be used as a substitute for discovery. *Eye Care Int'l, Inc. v. Underhill*, 92 F. Supp. 2d 1313, 1316 (M.D. Fla. 2000).

### III. Analysis

The Defendant moves to dismiss Count I,[1] arguing that, among other reasons, it "fails to comply with the minimal pleading requirements and makes no sense." Doc. 12 at 3. The Court agrees that Count I is nonsensical. In particular, Paragraph 18 of the Complaint is composed of a continuous flow of disorderly statements that renders the Plaintiff's point completely unintelligible. The Court cannot determine the specifics of the declaratory relief sought by the Plaintiff. Count I fails to state a claim on which relief can be granted. Accordingly, Count I will be dismissed.

In the alternative, the Defendant moves for a more definite statement as to Counts I and II. Doc. 12 at 7. Because Count I will be dismissed, the alternative motion is **MOOT** as to Count I. As for Count II, the Complaint alleges that (1) the Defendant issued an insurance policy to the Plaintiff,

---

[1] It is not clear whether the Defendant intends to move to dismiss Count II. The Defendant's Motion is entitled "Motion to Dismiss Count II and Motion for More Definite Statement." Doc. 12 at 1. However, the Defendant makes no arguments as to why Count II should be dismissed. To the extent that the Defendant moves to dismiss Count II, its Motion is **DENIED**.

(2) the Plaintiff suffered a loss covered by that policy, and (3) the Defendant failed to indemnify the Plaintiff for the covered loss. The Complaint also includes the policy number, the claim number, the date of the covered loss, and the location of the insured property. The Complaint comports with minimal pleading requirements and puts the Defendant on sufficient notice. The Plaintiff has stated that the cause of the loss was water damage, and a more definite statement is not necessary.

**IV.    Conclusion**

For the foregoing reasons, the Defendant's Motion (Doc. 12) is **GRANTED IN PART.** Count I of the Complaint is hereby **DISMISSED**. The Defendant's Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 27, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party